UNITED STATES of America,
Plaintiff–Appellee,

v.

**Victor Manuel GOMEZ, Defendant–Appellant.**

No. 93–2302.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1993.

Decided Feb. 7, 1994.

---

Counsel who presented argument on behalf of the appellant was Alan S. Percely of Houston, Texas.

Counsel who presented argument on behalf of the appellee was Robert J. Govar, Assistant U.S. Attorney, of Little Rock, AR.

Before BOWMAN, Circuit Judge, JOHN R. GIBSON *, Senior Circuit Judge, and HANSEN, Circuit Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Victor Manuel Gomez appeals from his conviction for possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988). Gomez argues that the district court [1] erred in denying his motion to suppress cocaine seized during a search of a car he was driving. The district court denied the motion, concluding that Gomez lacked standing to challenge the search of the car. We affirm Gomez's conviction.

On August 18, 1992, an Arkansas State Trooper stopped a car driven by Gomez near Little Rock, Arkansas, for going 63 m.p.h. in a 55–m.p.h. zone. Gomez, who spoke little English, produced an Illinois driver's license and a vehicle registration listing a different name. An insurance document showed that another individual was insured on the car. The officer gave Gomez a warning ticket. Gomez appeared nervous as the officer issued the warning ticket and Gomez's signature on the ticket did not match the one on the driver's license. The trooper ran a radio check, which revealed a criminal history of two prior drug offenses. The officer asked Gomez for permission to search the car, and it is disputed whether Gomez voluntarily agreed to the search. Upon searching the vehicle, the trooper discovered 39.3 pounds of cocaine concealed in a secret panel in the car's back seat and arrested Gomez. Gomez then claimed he owned neither the car nor

---

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

the cocaine, and later said another individual had given him permission to use the vehicle.

Gomez was charged with possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Before trial, Gomez moved to suppress the cocaine seized during the search of the car, alleging he did not give free and voluntary consent to the search. The government argued Gomez lacked standing to challenge the legality of the search because Gomez did not own or have permission to use the car. Magistrate Judge John F. Forster, Jr. filed a Report and Recommendation, ruling that Gomez did not freely and voluntarily consent to the search, but that he lacked standing to challenge the search. The district court adopted the magistrate judge's recommendation that Gomez's motion to suppress be denied. Following a two-day trial, a jury convicted Gomez. Gomez argues that the district court erred in denying his motion to suppress.

■ Although factual determinations related to standing should be reviewed under a clearly erroneous standard, *Nor–West Cable Communications Partnership v. City of St. Paul*, 924 F.2d 741, 747 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2853, 115 L.Ed.2d 1021 (1991), we review a district court's ultimate determination of a denial of a motion to suppress de novo. *United States v. Riedesel*, 987 F.2d 1383, 1387 (8th Cir. 1993).

■ Because Fourth Amendment rights are personal and may not be asserted vicariously, we must first determine whether Gomez had a legitimate expectation of privacy in the area searched or the item seized. *Rakas v. Illinois*, 439 U.S. 128, 138–44, 99 S.Ct. 421, 427–430, 58 L.Ed.2d 387 (1978); *United States v. Morales*, 737 F.2d 761, 763 (8th Cir.1984). If a defendant fails to prove a sufficiently close connection to the relevant places or objects searched he has no standing to claim that they were searched or seized illegally. *United States v. Sanchez*, 943 F.2d 110, 113 (1st Cir.1991). The defendant moving to suppress has the burden of proving a reasonable expectation of privacy in the area searched. *Rakas*, 439 U.S. at 130–31 n. 1, 99 S.Ct. at 423 n. 1; *United States v. Kiser*, 948

F.2d 418, 423 (8th Cir.1991). Factors relevant to the determination of standing include: ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case. *Sanchez*, 943 F.2d at 113.

■ This case is very similar to *Sanchez*, in which the First Circuit ruled that the defendant did not have a sufficient expectation of privacy in a vehicle he was driving and therefore lacked standing to challenge the search of the car. *Id.* at 114. Sanchez "was driving alone on a long trip at a great distance from the vehicle's owner," had only casual possession of the car, and no direct authority from the owner to use it. *Id.* at 113. The court found the defendant's lack of authority from the owner of the car and his denial of an interest in the drugs contained within the car crucial to its determination that defendant lacked standing. *Id.* at 114.

Likewise, Gomez has failed to show he had a reasonable expectation of privacy in the car. He testified he did not own the car, and the owner did not give him permission to use it. Indeed, he testified he did not even know the owner of the vehicle, and some unidentified third party told him the owner had given permission for its use. Similar to *Sanchez*, Gomez's alleged authorization to use the car, combined with his denial of an interest in the cocaine found in the car, do not amount to a reasonable expectation of privacy in the car. Therefore, he has no standing to challenge the legality of the search.

■ Gomez's assertion that the government may not contest his standing because it adopted contradictory positions with regard to his interest in the cocaine is unavailing. Gomez urges us to apply *Morales*, in which a panel of this court rejected the government's challenge to a defendant's standing despite the defendant's failure to prove he had a legitimate expectation of privacy in a motel room. 737 F.2d at 763. *Morales* concluded that the government took inconsistent posi-

tions at trial and on appeal concerning the defendant's disclaimer of knowledge of the motel room key. *Id.* Gomez's case, however, is distinguishable from *Morales*. First, the government raised the standing issue in a timely manner when Gomez moved to suppress the evidence before trial. Second, the government did not change its position between the suppression hearing and trial. Gomez, not the government, adopted inconsistent positions. When Gomez was first stopped by the state trooper, he denied any interest in the cocaine, but later in an effort to establish standing, he testified he knew secret compartments in the car contained cocaine. The government contended throughout the pendency of the proceedings that Gomez smuggled cocaine in a car belonging to another person. We find nothing in the record to support a conclusion that the government waived its challenge to Gomez's standing.

Accordingly, we affirm Gomez's conviction.