65 F.3d 173
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Samuel Haywood MYLES, also known as Samuel Riley, Appellant.
 No. 94-3422.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 16, 1995.
Filed: Sept. 6, 1995.
 
 Before ARNOLD, Chief Judge, GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 A jury found Samuel Haywood Myles guilty of aiding and abetting possession with intent to distribute cocaine base, 21 U.S.C. Sec. 841(a)(1), (b)(1)(B) (1988), use of a minor in drug trafficking, 21 U.S.C. Sec. 861(a)(1) (Supp. V 1994), conspiracy to distribute and possess with intent to distribute cocaine base, 21 U.S.C. Sec. 846, 841(b)(1)(A) (1988), and being a felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1) (1988). Myles appeals his convictions and sentence. We affirm.
 
 
 2
 In challenging his convictions, Myles raises several contentions related to the district court's refusal to suppress cocaine and drug paraphernalia found in Myles's brother's apartment and a cache of weapons found in Myles's residence. We reject all of these contentions. First, Myles lacked standing to challenge the warrant-based search of his brother's apartment. United States v. Gomez, 16 F.3d 254, 256 (8th Cir.1994). Second, the search warrant was supported by probable cause. Illinois v. Gates, 462 U.S. 213, 238-39 (1983). Third, the officers did not exceed the scope of the warrant when they opened a safe that contained cocaine. United States v. Johnson, 709 F.2d 515, 516 (8th Cir.1983). Fourth, Myles consented to the warrantless search of his residence. United States v. Archer, 840 F.2d 567, 572-73 (8th Cir.), cert. denied, 488 U.S. 941 (1988).
 
 
 3
 Myles also raises some arguments about his sentence. We reject these arguments as well. First, the district court did not commit error in computing the quantity of crack cocaine reflected in notes of drug sales. United States v. Carper, 942 F.2d 1298, 1303 (8th Cir.), cert. denied, 502 U.S. 993 (1991). Second, the district court correctly imposed a weapons enhancement for firearms kept in the residence where Myles stored his drug proceeds. See United States v. Maxwell, 25 F.3d 1389, 1399 (8th Cir.), cert. denied, 115 S. Ct. 610 (1994). Finally, the district court lawfully imposed Myles's sentence within the applicable guidelines range. United States v. Harris, 997 F.2d 1235, 1236-37 (8th Cir.1993), cert. denied, 114 S. Ct. 717 (1994).
 
 
 4
 Having carefully reviewed the record, briefs, and arguments of the parties, and having considered all of Myles's contentions, we affirm Myles's convictions and sentence. See 8th Cir. R. 47B.