103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Arturo ARMENTA, Defendant-Appellant.
 No. 96-50113.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 25, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In his third appeal, Jose Arturo Armenta contests the district court's third denial of his motion to suppress 71 kilograms of cocaine seized from a rented motor home. Armenta claimed a reasonable expectation of privacy in the motor home because he paid the rental on the motor home, drove the motor home, and was found in the motor home by the searching officers. The district court rejected his arguments. We affirm.
 
 
 4
 A district court's decision that a defendant lacks Fourth Amendment standing to contest a search and seizure involves "a mixed question of fact and law." United States v. Armenta, 69 F.3d 304, 306-07 (9th Cir.1995) (Armenta II ). Accordingly, we review the district court's legal conclusions de novo and its factual conclusions for clear error. Id. at 307.
 
 
 5
 Armenta does not contest that, for Fourth Amendment purposes, a motor home without any attachment to water or power lines, like the one in this case, is a vehicle. See United States v. Hamilton, 792 F.2d 837, 842-43 (9th Cir.1986). Only a "vehicle's owner or an individual with a legitimate privacy interest in the vehicle may challenge [a] search" of that vehicle. James v. Borg, 24 F.3d 20, 26 (9th Cir.), cert. denied, 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994); see also Rakas v. Illinois, 439 U.S. 128, 143 & n. 12, 99 S.Ct. 421, 430 & n. 12, 58 L.Ed.2d 387 (1978); Armenta II, 69 F.3d at 308.
 
 
 6
 Armenta has shown no legitimate expectation of privacy in the motor home. Armenta has never argued that the rental agency, which owned the vehicle, gave him permission to possess the vehicle, and he made no effort to introduce the rental contract at the suppression hearing. He never even expressly argues that the lessee, Ruth Lewis, gave him permission to drive the motor home. Nor does he articulate how his direction to his confederate, Ruth Raygoza-Hernandez, to lease a motor home gave him permission to drive this one and tear it apart. A vehicle possessor does not establish an expectation of privacy in a vehicle simply because he is found in it. Armenta completely failed to carry his burden of showing a legitimate privacy interest in the motor home. He showed nothing more probative than possession alone. That is not enough.
 
 
 7
 Other courts, which have considered this fact pattern, have reached the same conclusion. The Tenth Circuit has often done so. See United States v. Jones, 44 F.3d 860, 871 (10th Cir.1995); United States v. Roper, 918 F.2d 885, 886-87 (10th Cir.1990); United States v. Obregon, 748 F.2d 1371, 1374-75 (10th Cir.1984). Similarly, both the Eighth and Second Circuits have held that possession of a vehicle is not enough to confer Fourth Amendment standing. See United States v. Gomez, 16 F.3d 254, 256 (8th Cir.1994); United States v. Ponce, 947 F.2d 646, 649 (2d Cir.1991), cert. denied, 503 U.S. 943, 112 S.Ct. 1492, 117 L.Ed.2d 633 (1992). Even the First Circuit authority relied on by Armenta applies the rule that a defendant who has not clearly shown that he was given permission to use the vehicle by the owner does not have standing. See United States v. Sanchez, 943 F.2d 110, 113-14 (1st Cir.1991).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3