———————

No. 96-3358

———————

United States of America,                    *
                                             *
              Appellant,                     *
                                             *    Appeal from the United States
       v.                                    *    District Court for the
                                             *    Western District of Missouri.
Calvin Porter,                               *
                                             *
              Appellee.                      *

———————

Submitted:  January 15, 1997

Filed:  February 21, 1997

———————

Before BOWMAN and MURPHY, Circuit Judges, and JONES,[1] District     Judge.

———————

MURPHY, Circuit Judge.


        Calvin Porter was indicted on charges of conspiracy to distribute cocaine and possession with the intent to distribute cocaine.  The district court suppressed evidence of cocaine found in a bag with his name on it, and the United States appeals.  We reverse.

        Porter had been travelling by bus from San Bernadino, California to St. Louis, Missouri.  When the bus stopped at the station in Springfield, Missouri, Carl Hicks boarded the bus, identified himself as a drug enforcement agent, and questioned passengers about their destinations and tickets.  During this questioning, Hicks learned that the first name on Porter's one-way

———————

        The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

-1-

ticket to St. Louis was misspelled as "Kelvin" and that Porter did not know the address or phone number of the person he was visiting. Hicks asked Porter whether he had checked any bags. Porter told him that he had checked one bag, and he agreed to get off the bus and identify it in the luggage compartment. Hicks testified that he noticed that Porter appeared nervous when questioned about his luggage. After identifying the bag, Porter gave Hicks permission to search it. Hicks then noticed that there was a ticket on the bag that said "Kelvin Porter" and "1 of 2." Hicks asked Porter if he had checked any other bags, and Porter said he had not and got back on the bus.

After Hicks found a second bag in the luggage compartment with a ticket that said "Kelvin Porter" and "2 of 2," he asked Porter to get off the bus again. Hicks then asked Porter if the second bag belonged to him. Porter replied that "it did not" and that "he had never seen it before." Hicks asked Porter for permission to search the bag, and Porter told him he "could go ahead and search the bag, it was not his and he had never seen it before." Inside the bag, Hicks found a box containing two kilograms of cocaine.

After Porter was indicted, he moved to suppress evidence of the cocaine seized from the second bag and of post-arrest statements he claims were made before he was read his Miranda rights. At the close of the government's evidence at the suppression hearing, Porter asked the court to rule on his motion to suppress the cocaine. The district court ruled from the bench, excluding the drug evidence and Porter's statements and actions after the search. The court reasoned it was unreasonable to search the second bag without a warrant after Porter denied it belonged to him because it could have been owned by someone else and that Porter's statements after the search should be excluded as "results

of a poisonous tree."[2]

The government argues on appeal that because Porter had abandoned the second bag, the district court erred in granting the motion to suppress. Porter responds that the evidence was properly suppressed because his disclaimer of ownership of the bag did not constitute abandonment and because he was illegally seized when Hicks asked him to get off the bus. The district court's decision to grant the motion to suppress is reviewed for clear error. United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990), cert. denied, 502 U.S. 829 (1991).

The warrantless search of abandoned property does not violate the fourth amendment. Abel v. United States, 362 U.S. 217, 241 (1960). Here, Porter told Hicks that the second bag did not belong to him and that Hicks could go ahead and search the bag because it was not his. By denying ownership of the bag and telling Hicks to search the bag, Porter abandoned it. See United States v. Thompkins, 998 F.2d 629, 632-33 (8th Cir. 1993) (denying ownership of bag and telling officers to go ahead and search it constitutes abandonment). Furthermore, Porter's contention that the bag could have belonged to a third party and that the cocaine evidence should therefore be suppressed is without merit because fourth amendment rights are personal and cannot be enforced vicariously. United States v. Kiser, 948 F.2d 418, 424 (8th Cir. 1991), cert. denied, 503 U.S. 983 (1992) (citations omitted). The district court thus erred in concluding that the cocaine should be suppressed.

Porter also argues that any error on the abandonment issue was harmless because he had been illegally seized when Hicks asked him to step off the bus. Porter argues that the district court erred

---

No arguments have been presented in this appeal on the merits of Porter's motion to suppress statements, and the district court did not reach any issue unrelated to the search.

in finding that his nervousness and the misspelled ticket were sufficient for Hicks to form reasonable suspicion.  Determinations of reasonable suspicion are reviewed de novo while findings of fact are reviewed for clear error.  <u>Ornelas v. United States</u>, 116 S. Ct. 1657, 1663 (1996).

The totality of the circumstances are to be considered when determining whether reasonable suspicion existed.  <u>United States v. Sokolow</u>, 490 U.S. 1, 8-9 (1989).  During the suppression hearing, Hicks testified that Porter appeared nervous in his speech when asked about his luggage, had a one-way ticket to St. Louis, did not know the address or telephone number of the person he was visiting in St. Louis, had a ticket with his first name misspelled which matched the misspelling of his name on the two bags, and denied having any luggage other than the first bag he identified.  Based on this evidence, the district court's conclusion that Hicks had reasonable suspicion when asking Porter to step off the bus to identify his luggage was not erroneous, and the search of the second bag did not result from an unlawful seizure.

The order suppressing the cocaine evidence is therefore reversed, and the case is remanded for further proceedings.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.