United States Court of Appeals
FOR THE EIGHTH CIRCUIT

———————

No. 97-2523

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri. |
| Calvin Porter, | * |
| | * [UNPUBLISHED] |
| Defendant - Appellee. | * |

———————

Submitted: January 12, 1998
Filed: January 23, 1998

———————

Before BOWMAN, MURPHY, Circuit Judges, and JONES,[1] District Judge.

———————

PER CURIAM.

Calvin Porter was traveling from California to St. Louis when two kilograms of cocaine were discovered in his bag in the luggage compartment of the bus during a stop in Springfield, Missouri. The district court suppressed the cocaine evidence on the basis that it had been seized in violation of the fourth amendment, and the United States appealed. We reversed after agreeing with the district court that the law enforcement agent who boarded the bus had reasonable suspicion permitting him to ask

—————————

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

Porter to step off the bus to identify his luggage but concluding that Porter's rights were not violated by seizure of a bag he had abandoned.  See United States v. Porter, 107 F.3d 582, 584 (8th Cir. 1997).  We remanded so that the district court could rule on Porter's other motion to suppress based on the alleged failure to inform him of his Miranda rights before he made certain statements.  On remand the district court found that Porter had been informed of his rights but went on to reexamine the search and seizure issue and again suppressed the cocaine evidence after changing its earlier view that the agent had reasonable suspicion when he asked Porter to step off the bus.  The United States appeals once again.  The district court erred in reopening a fourth amendment issue already decided on appeal.  See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995).  The order suppressing the cocaine is reversed, and the case is remanded for further proceedings consistent with the opinions of this court.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.