**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 97-2644

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Darnell Lecato Burks, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 10, 1997
Filed: February 2, 1998

_____

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

A jury convicted Darnell Burks of attempted possession with intent to distribute cocaine. See 21 U.S.C. § § 846, 841(a)(1) (1994). Burks filed a Motion for Acquittal or Alternate Motion for New Trial. The District Court[1] denied the motion. Burks appeals, claiming that the evidence was insufficient to allow a jury to conclude that he completed a substantial step toward possessing the cocaine. We conclude that the record contains sufficient evidence to support Burks's conviction.

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

## I.

The case involves the controlled delivery of a package containing cocaine to Burks at his apartment on June 24, 1996. The package was addressed to Burks at his home address, and included a return address of Mary Ann Evans, 826 Galapago Street, Spring Valley, California 91977. See Trial Tr. at 38. The label on the package, however, indicated that it was actually mailed from an office located in the 92113 zip code area, see id., which is in San Diego, California. Law enforcement officers intercepted the package, found 542 grams of cocaine contained inside, repackaged it, and then delivered it to Burks. Burks was at home and signed for the package. At the time of delivery, Postal Inspector Ron Nelson observed that Burks was the only one present and that the window shades were open. See id. at 55.

Approximately two minutes after Burks accepted the package, officers entered Burks's home and executed a search warrant. When the officers entered the home, Burks was seen running from the master bedroom to the bathroom. See id. at 83. The shades were closed, and officers found the package in the master bedroom. See id. at 76-77. The package had not been opened so that the contents were exposed, but a cut had been made down one side. Officers found a utility knife beside the package, see id. at 46, and elsewhere in the master bedroom found a plate, a razor blade, and a small plastic baggie with some residue. See id. at 62-63. In the headboard of the bed in the master bedroom, officers found seven hundred dollars in cash and three Western Union Money Order receipts totaling seven hundred dollars. The three receipts named Burks as the sender, Darrell Bell in San Diego as the recipient, and were sent on June 20, June 21, and June 23 of 1996. See id. at 85-86, 69-70.

## II.

Burks claims that the evidence is insufficient to support his conviction. We will reverse the conviction only "if a reasonable minded jury must have a reasonable doubt as to the existence of one of the crime's essential elements." United States v. Watson, 953 F.2d 406, 408 (8th Cir. 1992). In reviewing the claim, we examine the evidence in the light most favorable to the jury verdict and give that verdict the benefit of all reasonable inferences. See United States v. Duke, 940 F.2d 1113, 1117 (8th Cir. 1991), cert. denied, 116 S. Ct. 224 (1995).

To prove attempt, the government must show 1) intent to engage in the crime and 2) conduct constituting a substantial step towards the commission of the crime. See United States v. Buchanan, 985 F.2d 1372, 1376 (8th Cir. 1993), cert. denied, 512 U.S. 1228 (1994). "A substantial step goes beyond mere preparation but may be less than the last act necessary before commission of the substantive crime." United States v. Plenty Arrows, 946 F.2d 62, 66 (8th Cir. 1991) (internal quotation marks omitted).

Burks argues that, because he never opened the package, his actions did not constitute a substantial step. Burks relies primarily on United States v. Joyce, 693 F.2d 838 (8th Cir. 1982). In Joyce, Joyce flew from Oklahoma City to St. Louis to meet with an informant who was posing as a cocaine seller. The parties agreed on a price, but Joyce refused to show the informant his money until the package was opened so that Joyce could see the cocaine. When the informant refused to open the package, Joyce left without making the purchase. Joyce was then arrested and convicted of attempt to possess with the intent to distribute cocaine. On appeal, we reversed Joyce's conviction, finding that Joyce's acts had not constituted a substantial step. See id. at 841-43. We determined that "[w]hatever intention Joyce had to procure cocaine was abandoned prior to the commission of a necessary and substantial step" and the fact that he "unambiguously refused" either to show the money or to purchase the cocaine negated the government's effort to consummate the sale. Id. at 841-42. Subsequent decisions also have turned on whether it was the defendant himself--rather than a third party--who ended the chain of events leading toward, but not resulting in, the

commission of a substantive crime.  See, e.g., United States v. Jonsson, 15 F.3d 759, 762 (8th Cir.), cert. denied, 513 U.S. 986 (1994) (finding that, even though the defendant had not yet indicated the number of bombs he wanted to purchase, his acts constituted a substantial step because he "continued to negotiate with the government agents until his arrest prevented him from doing so" ); United States v. Mims, 812 F.2d 1068, 1078 (8th Cir. 1987) (finding that the defendant's acts constituted a substantial step because "[u]nlike Joyce, in the present case it was [another party], rather than [the defendant], who ended the negotiations").

This case differs from Joyce because here it was the intervention by government agents that ended the chain of events.  Officers entered the home just a couple of minutes after Burks received the package.  Burks was seen running from the bedroom, where the package was found.  The package had been cut down the side and a utility knife was lying beside the package.  The jury reasonably could infer that, but for the execution of the search warrant just two minutes after the package had been delivered, Burks would have taken irrefutably knowing possession of the cocaine.

Furthermore, the jury was presented with other circumstantial evidence that supports the conclusion that Burks's actions constituted a substantial step toward actual possession of the cocaine.  "A reasonable fact-finder may find guilt beyond a reasonable doubt based solely on circumstantial evidence." United States v. Garrett, 948 F.2d 474, 476 (8th Cir. 1991), cert. denied, 117 S. Ct. 374 (1996).  Burks was found alone in his home with a large amount of drugs that had been sent directly to him at his residence.  Also found near the drugs in his home were a plate, baggies, and a razor blade, and the three Western Union Money Order receipts found in the headboard of the bed in the master bedroom of Burks's home provided yet more circumstantial evidence supportive of the jury verdict.  The receipts named Burks as the sender and San Diego as the place to which he sent the money orders.  San Diego is, of course, the same city from which the package of cocaine came.

-4-

We conclude the evidence was sufficient for the jury to convict Burks of attempted possession with intent to distribute cocaine. We therefore affirm Burks's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.