# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2511

_____

Antonio Zamarripa,                    *
                                      *
              Appellant,              *
                                      *
     v.                               *   Appeal from the United States
                                      *   District Court for the
Michael Busalaki, DEA Task Force      *   Eastern District of Missouri.
Detective; Detective Unknown Jeffrey; *
Detective Unknown Neal; Detective     *            [UNPUBLISHED]
Unknown Robinson; Detective           *
Unknown Sodoma,                       *
                                      *
              Appellees.              *

_____

Submitted:  September 7, 2000

Filed:   September 25, 2000

_____

Before  McMILLIAN,  BOWMAN,  and  MORRIS  SHEPPARD  ARNOLD,  Circuit
     Judges.

_____

PER CURIAM.

Federal inmate Antonio Zamarripa appeals the district court's[1] dismissal without prejudice of his complaint, in which he asserted claims under 42 U.S.C. § 1983, Bivens

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

v. Six Unknown Named Agents, 403 U.S. 388 (1971), and state law.  We affirm.  See 8th Cir. R. 47A(a).

Mr. Zamarripa alleged that the defendant police officers violated his rights under federal and state law by failing to arrest him when they first discovered criminal activity was afoot, by thereafter arresting him without probable cause, and by searching a confidential informant without a warrant.  He claimed that his subsequent prosecution and imprisonment resulted from the officers' conduct.

We agree with the district court that Mr. Zamarripa's conviction forecloses any section 1983 or Bivens claim for an arrest without probable cause.  See Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990).  Further, Mr. Zamarripa may not assert the Fourth Amendment rights of the confidential informant, see United States v. Gomez, 16 F.3d 254, 256 (8th Cir. 1994), and he had no constitutional right to be arrested at the inception of the criminal investigation, see United States v. Shigemura, 682 F.2d 699, 706 (8th Cir.1982), cert. denied, 459 U.S. 1111 (1983).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.