556 F.Supp.2d 985 (2008)
UNITED STATES of America, Plaintiff,
v.
Randy Alan JONES, Defendant.
Case No. 4:08CR00091 ERW (AGF).
United States District Court, E.D. Missouri, Eastern Division.
June 2, 2008.
*986 Sirena M. Wissler, Office of U.S. Attorney, St. Louis, MO, for Plaintiff.

MEMORANDUM AND ORDER
E. RICHARD WEBBER, District Judge.
This matter is before the Court upon the Report and Recommendation of the United States Magistrate Audrey G. Fleissig [doc. # 37] pursuant to 28 U.S.C. § 636(b). On May 28, 2008, Defendant filed Objections to the Report and Recommendation [doc. #38]. The Report and Recommendation recommends that Defendant Jones' Motion to Suppress Evidence [doc. # 30] be denied.
"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, `[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" United States v. Lothridge, 324 F.3d 599, 600 (8th Cir.2003) (quoting 28 U.S.C. § 636(b)(1)). Defendant objects to the Magistrate Judge's conclusion that the pill packets, found in the seized trash bag, and the incident report are admissible evidence, as Defendant argues the government has failed to provide a sufficient foundation to support the introduction of such evidence at trial. However, Defendant recognizes that if the Magistrate Judge's ruling is based upon the conclusion that Defendant is seeking an evidentiary ruling which must be made by the District Court, then Defendant simply seeks to preserve his right to object.

*987 I. BACKGROUND FACTS
The Magistrate Judge set forth in detail the facts' involved in the present evidentiary dispute, and therefore, for purposes of this order, the Court will only briefly set forth the relevant facts. Officer Cochran, a City of Hazelwood police officer, had a long history with the Defendant, having arrested him on a number of occasions for manufacturing methamphetamine. The majority of those arrests had taken place at 12747 Missouri Bottom Road ("the Residence"), including two arrests in the summer and fall of 2007. On November 6, 2007, Hazelwood police officers received information from a reliable confidential informant that Defendant was again involved in the manufacture of methamphetamine at the Residence. On Wednesday, November 7, 2007, Officer Cochran drove past the Residence and observed a black trash bag approximately ten feet from the street, by the driveway. Officer Cochran took the trash bag and returned to his office, where he examined the contents, and found empty blister packs that had contained a total of 260 pseudoephedrine tablets. At the time of the incident at issue, the Defendant was not living at the Residence, and Ms. Greenway[1] testified that the Defendant had not lived at the Residence at anytime during the summer of 2007. However, the Government has presented an incident report, dated July 4, 2007, on which the Defendant lists the Residence as his home address.

II. DISCUSSION
The Defendant seeks to exclude the evidence of the blister packs found in the trash bag at the Residence, and to exclude the July 4, 2007 incident report. Defendant argues that the Government has failed to provide a sufficient foundation to support the admissibility of the evidence, both the contents of the trash bag, and the incident report. The Court notes that the Defendant does not argue that the trash bag was seized in violation of the Fourth Amendment, and therefore the Court will not address the Fourth Amendment requirements in this opinion.[2] The Court will concentrate its analysis on Defendant's claim of lack of foundation.
The Magistrate Judge concluded that any claim by Defendant that the evidence submitted by the Government is insufficient to support the indictment is not cognizable. The Supreme Court held, in Costello v. United States, that indictments may not be challenged on the ground that the evidence was inadequate or incompetent. 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956) ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed."). The Supreme Court further noted that the result of allowing such challenges "would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury." Id. The Court agrees with the determination of the Magistrate Judge that a motion to suppress evidence is not the appropriate vehicle for challenging the sufficiency of the evidence to support the indictment.
*988 As noted by the Magistrate Judge, the more appropriate vehicle for challenging the sufficiency of the evidence is through a motion in limine. The Defendant does not appear to dispute this, and has filed a motion in limine addressing the admissibility of the disputed evidence; Defendant's motion is set for hearing on June 20, 2008. Therefore, the Court will address the admissibility of the evidence in question following the hearing.
Accordingly,
IT IS HEREBY ORDERED that Defendant's Motion to Suppress Evidence [doc. # 30] is DENIED.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AUDREY G. FLEISSIG, United States Magistrate Judge.
This matter is before the Court on the pretrial motion filed by Defendant, Randy Alan Jones. Pretrial matters were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). Defendant filed a motion to suppress evidence, related to the seizure by the police of a bag of trash from in front of a residence at 12747 Missouri Bottom Road. (Doc. No. 30). An evidentiary hearing was held on May 6, 2008. The government was represented by Assistant United States Attorney Sirena M. Wissler. Defendant was present and represented by his attorney, Herbert D. Schaeffer. At the hearing, the government presented the testimony of Officer John Cochran, a police officer with the City of Hazelwood. Defendant presented the testimony of Linda Greenway, who resided at the residence in question for some time period. Trial is scheduled for June 23, 2008. Based on the testimony and evidence adduced and having had an opportunity to observe the demeanor and evaluate the credibility of the witnesses, the undersigned makes the following findings of fact and conclusions of law.

FINDINGS OF FACT
From approximately 2003 through 2007, Officer John Cochran was periodically assigned to the North County Multi-Enforcement Group, known as the "MEG Unit," an undercover drug task force comprised of officers from a number of municipalities in the St. Louis area. While assigned to the MEG Unit, Officer Cochran became familiar with Defendant Randy Alan Jones, having arrested him many times in connection with the manufacture of methamphetamine. The majority of those arrests occurred at 12747 Missouri Bottom Road (the "Residence"), including arrests at the Residence in the summer and fall of 2007. From his prior encounters, Officer Cochran knew that Defendant had lived at the Residence off and on for several years. Defendant had provided the Residence as his address to the booking officer when he had been booked on prior arrests, and Officer Cochran had previously observed Defendant at the Residence.
On or about November 6, 2007, the officers received information from a confidential informant whom they had previously used on several occasions, who indicated that Defendant was again involved in the manufacture of methamphetamine at the Residence. In response to the information, Officer Cochran, at approximately 1:00 a.m. on Wednesday, November 7, 2007, drove slowly past the Residence. As he drove past, he observed a black trash bag that appeared to have been discarded. It was on the grass by the driveway, approximately ten feet from the street. The trash bag was not in any container and there was no fence surrounding the yard. Officer Cochran got out of his car, seized the trash bag, and returned to his office *989 with the bag, where he examined its contents.
Inside the trash bag, Officer Cochran found miscellaneous trash and wrappers. There were no letters, bills or other mail directly associating the trash with Defendant Jones. At the bottom of the bag he found a folded brown paper trash bag, which contained several empty blister packs that had previously held pseudoephedrine tablets. Officer Cochran, who was familiar with such packaging from his prior experience, counted the empty bubble packs and determined that they had held a total of 260 tablets.
Linda Greenway lived at the Residence in 2007 with her boyfriend, Richard Jenkins, who had also resided at the Residence at some point prior to the time when she resided there with him. She and Jenkins had a temporary occupancy permit to occupy the Residence for a few months while they were attempting to restore it: She believed this occurred during the summer of 2007, but was uncertain of the time frame. In approximately August, 2007, they lost their occupancy of the Residence as the property was condemned.
Ms. Greenway was acquainted with Defendant's family, and had met Defendant through Jenkins. She testified that Defendant did not live at the Residence while she lived there, but that Defendant did come over to the Residence during that time period. Indeed, Ms. Greenway understood that the Residence was owned by Defendant's father. Throughout the time that she lived at the Residence, the Joneses maintained a storage room in the back of the house, which was separate from Jenkins' portion of the Residence. That separate portion of the Residence was utilized by the Jones family, and neither Ms. Greenway nor Jenkins had a key to it.
Although she was unsure of the time frame, Ms. Greenway believed that the Residence was condemned in approximately August, 2007, after the police found some items, perhaps associated with the production of methamphetamine, in an abandoned vehicle in the driveway. As a result, she and Jenkins were required to vacate the premises. Ms. Greenway did not believe that she was still living at the Residence in November 2007, and did not know if anyone else was living there then.

CONCLUSIONS OF LAW

1. Expectation of Privacy

The gravamen of Defendant's motion appears to be that the trash bag and its contents should be suppressed because the government cannot prove it belonged to Defendant. Although it does not appear that Defendant is asserting any Fourth Amendment basis for this suppressionand he contends that he is notthe Court will address briefly the threshold question of whether Defendant has asserted a sufficient privacy interest to seek suppression of the evidence. For several reasons, the Court finds that Defendant cannot assert suppression on any Fourth Amendment ground.
A defendant moving to suppress evidence has the burden to show that he has a legitimate expectation of privacy in the area or object searched. United States v. Pierson, 219 F.3d 803, 806 (8th Cir.2000); United States v. Gomez, 16 F.3d 254, 256 (8th Cir.1994). The Eighth Circuit has described the analysis as a two-part test that requires the defendant to show both (1) a subjective expectation of privacy and (2) that the expectation is objectively reasonable, or "one that society is willing to accept." United States v. McCaster, 193 F.3d 930, 933 (8th Cir.1999); see also United States v. Stallings, 28 F.3d 58, 60 (8th Cir.1994).
"Factors relevant to the determination of standing include: ownership, possession *990 and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case."
Gomez, 16 F.3d at 256. See also, McCaster, 193 F.3d at 933 (noting as factors relevant to the showing "whether the party has a possessory interest in the things seized or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party had a key to the premises"). To meet the first part of the test with regard to items seized, the defendant must show by his conduct that he sought to preserve the items as private. Stallings, 28 F.3d at 60.
Here, Defendant expressly disclaims having any ownership interest in the premises or the bag seized. As such, he lacks a sufficient privacy interest to support a motion to suppress the trash bag or the items located therein. See Pierson, 219 F.3d at 806; United States v. Sanders, 130 F.3d 1316, 1317-18 (8th Cir. 1997) (holding that the defendant's statements disclaiming ownership of bag constitute a surrender of any legitimate expectation of privacy); accord United States v. Porter, 107 F.3d 582, 583-84 (8th Cir.1997) (finding abandonment where the defendant told officers bag was not his and that he had never seen it before).
Even without this express disclaimer by Defendant, the seizure and search of the trash bag would still not be subject to suppression. The Supreme Court held in California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988), that there is no expectation of privacy in a trash bag left in an area accessible by others, including animals, children, scavengers and members of the public. Id. 486 U.S. at 40, 108 S.Ct. 1625; accord, United States v. Trice, 864 F.2d 1421,1423-24 (8th Cir.1988) (holding no reasonable expectation of privacy in garbage placed in trash cans). The lack of an expectation of privacy is even more conclusive if one accepts Defendant's suggestion that the Residence had been condemned and no one was living there. Moreover, any expectation of privacy Defendant may have had, was abandoned by him. See Abel v. United States, 362 U.S. 217, 240-41, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) (holding no 4th Amendment violation where officers seized items abandoned in hotel wastepaper basket after checkout); United States v. Kelly, 329 F.3d 624, 629 (8th Cir.2003) (any reasonable expectation of privacy in wallet was relinquished when defendant discarded wallet).

2. Motion to Suppress the Trash Bag based on Insufficiency of the Evidence

The actual basis for Defendant's motion to suppress the trash bag remains somewhat unclear to the Court. Though styled and argued as a motion to suppress, it appears that Defendant is asking this Court to assess the sufficiency of the evidence and declare that the government cannot proceed with its evidence because it cannot sufficiently tie Defendant to the trash bag seized from the front of the Residence.[1]
At bottom, Defendant's motion to suppress is simply another way of saying that the indictment should be dismissed *991 based on alleged insufficiency of the evidence. The courts have recognized, however, that an indictment is not subject to a motion to dismiss based on allegations of the insufficiency of the government's evidence. United States v. Ferro, 252 F.3d 964, 968 (8th Cir.2001). The case law clearly provides that an indictment that is valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to the grand jury. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956) ("An indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for trial of the charge on its merits. The Fifth Amendment requires nothing more."). As the Court explained in Ferro:
"In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.... [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be."
252 F.3d at 968 (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000)); accord United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir.1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."); United States v. Brown, 481 F.2d 1035, 1041 (8th Cir.1973) ("There is no authority under Rule 12 ... to dismiss on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue."); United States v. Kowal, 486 F.Supp.2d 923, 934-35 (N.D.Iowa 2007) (denying motion to dismiss as procedurally infirm). As expressed by the court in DeLaurentis, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." For these same reasons, Defendant's motion to "suppress" the government's evidence on grounds of insufficiency of the evidence should be denied.
Even if such a motion were procedurally available at this stage of the proceedings, the Court could not find on this record that the government's evidence is insufficient as a matter of law. See United States v. Burks, 135 F.3d 582, 583 (8th Cir.1998) (on review of sufficiency of the evidence, "we examine the evidence in the light most favorable to the jury verdict and give that verdict the benefit of all reasonable influences").

3. Motion to Suppress Incident Report

Defendant's motion to suppress the police incident reports is even more mystifying. The government apparently provided copies of police incident reports as part of its discovery materials. At the evidentiary hearing, the officer asserted that he based his belief that Defendant was residing at the Residence in part on the fact that Defendant was, at times, arrested at the Residence, and had identified the Residence as his home address in connection with at least some of his prior arrests. The government has not asserted, however, that it intends to introduce the incident reports themselves into evidence. And even if the government were seeking to introduce the incident reports into evidence, that is an evidentiary question for the trial court to assess at the time of, and in connection with, the trial itself, and is *992 not the proper subject for a pretrial motion to suppress.[2]
Accordingly,
IT IS HEREBY RECOMMENDED that Defendant's Motion to Suppress Evidence [Doc. No. 30] be Denied.
The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).
Dated this 21st day of May, 2008.
NOTES
[1] Ms. Greenway was a former tenant, who resided at the Residence through August, 2007.
[2] The Magistrate Judge thoroughly analyzed the search and seizure of the trash bag under the Fourth Amendment, and correctly concluded that there can be no violation of the Fourth Amendment where the Defendant does not have a privacy interest in the seized items. In this case the Defendant clearly denies any possession of the seized property, and therefore cannot claim a privacy interest in it.
[1] To the extent Defendant is asserting that the government will be unable to establish a sufficient foundation for the evidence, that is an evidentiary matter for the District Judge to assess at trial.
[2] The Court notes that Defendant has recently filed a motion in limine and memorandum in support, by which Defendant asserts that both the trash bag and the incident reports should be ruled inadmissible for lack of foundation. [Doc. No. 35 & 36]. This would appear to be a more appropriate vehicle for raising these essentially evidentiary issues. Inasmuch as the undersigned assumes that this motion in limine is directed to the District Judge in connection with the trial, the undersigned will not further address this motion.