# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3002

_____

United States of America

*Appellee*

v.

Samuel Haywood Myles

*Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 11, 2013
Filed: February 22, 2013
[Unpublished]

_____

Before SMITH, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

When Samuel Myles moved in the district court[1] for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the amendments to the sentencing guidelines that retroactively lowered the sentencing range for certain crack-cocaine offenses in 2011, the court granted the motion and reduced Mr. Myles's 405-month prison term to 327 months. On appeal, Mr. Myles argues that the district court abused its discretion by not reducing his sentence to a term within the amended sentencing range of 210-262 months. We affirm.

About nineteen years ago, a jury convicted Mr. Myles of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and three drug offenses: conspiring to distribute and to possess with the intent to distribute cocaine base (crack), 21 U.S.C. §§ 846, 841(b)(1)(A) (1988), aiding and abetting the possession of crack with the intent to distribute it, 21 U.S.C. § 841(a)(1), (b)(1)(B) (1988), and using a minor in drug trafficking, 21 U.S.C. § 861(a)(1) (Supp. V 1993). At sentencing, the court attributed 194.9 grams of crack to Mr. Myles. After applying enhancements, the court calculated his sentencing range as 360 months to life and sentenced Mr. Myles to 780 months' imprisonment. He appealed and we affirmed. *See United States v. Myles*, No. 94-3422, 1995 WL 521184 (Sept. 6, 1995) (unpublished per curiam).

In 2009, Mr. Myles filed his first motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on the retroactive amendment to the Sentencing Guidelines that reduced the base offense level for each quantity of crack by two levels. *See* U.S.S.G. app. C, amends. 706, 713. Section 3582(c)(2) gives district courts the discretion to grant a sentence reduction to a defendant whose sentence was based on a sentencing range that has been lowered, so long as the reduction is

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, who presided over all district court proceedings mentioned in this opinion.

consistent with applicable policy statements. *See* 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10 (policy statement). After determining that the amended guidelines lowered Mr. Myles's sentencing range to 324-405 months, the court reduced his prison sentence to 405 months.

When the Commission retroactively amended the crack-offense guidelines again in 2011, *see* U.S.S.G. app. C, amends. 750, 759, Mr. Myles moved for another sentence reduction. Based on the original drug-quantity finding of 194.6 grams of crack, the amendments lowered Mr. Myles's guidelines range to 210-262 months. The district court granted Mr. Myles's motion and reduced his sentence to 327 months. On appeal, Mr. Myles maintains that the district court abused its discretion by imposing a sentence above his amended guidelines range. We disagree.

We first note that district courts do not have to reduce a defendant's sentence under § 3582(c)(2). That statute provides that a "court *may* reduce the term of imprisonment" of an eligible defendant, and thus district courts have the discretion to deny an eligible defendant's request for a lower sentence altogether. 18 U.S.C. § 3582(c)(2)(emphasis added); *see United States v. Hasan*, 245 F.3d 682, 685 (8th Cir. 2001) (en banc), *cert. denied*, 534 U.S. 905 (2001). And neither the statute nor the applicable policy statement, U.S.S.G. § 1B1.10, prohibits a court from granting a reduction that results in a sentence above the amended guidelines range (as occurred here), though courts are generally prohibited from granting reductions that result in a sentence below that range, U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010).

Mr. Myles argues that the court should have given more weight to the Commission's policy decision that crack sentences should be lowered. But the court reduced Mr. Myles's crack-offense sentence (over the government's objection) every time the Commission lowered the sentencing range for his crack offense. And, in any event, the court had to take other matters into account: When deciding on the extent

of a reduction, courts must consider the sentencing "factors set forth in section 3553(a)(1) to the extent that they are applicable," 18 U.S.C. § 3582(c)(2), and public safety considerations. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(i), (B)(ii). The court did so here. In its written decision reducing Mr. Myles's prison sentence to 327 months, it explained that the "§ 3553(a) factors and the circumstances surrounding Myles's arrest, particularly the use of minors in drug trafficking" (The court found at sentencing that Mr. Myles brought his son and other juveniles from Toledo, Ohio, to sell drugs for him) "and the high-speed chase prior to his apprehension, [did] not warrant reduction to the amended Guidelines range." The specific conduct that the court relied on related to Mr. Myles's "character," the "nature and circumstances" of his crime, the need to "protect the public," all sentencing factors listed in § 3553(a). We conclude that the district court, which was obviously familiar with the case, did not abuse its discretion in concluding that a prison sentence of 327 months was "just and fair under the totality of the circumstances."

Affirmed.

_____