**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Wallace D. MUHAMMAD,**
**Defendant–Appellant.**

No. 95–1702.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1995.

Decided June 21, 1995.

---

Robert R. Nigh, Jr., Asst. Federal Public Defender, for appellant.

Sara Fullerton, Sp. Asst. U.S. Atty., for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge and MURPHY, Circuit Judge.

PER CURIAM.

## I.

Wallace Muhammad appeals from his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Muhammad argues that the district court[1] erred in denying his motion to suppress cocaine seized during a search of the car he was driving. The district court denied the motion, concluding that Muhammad lacked standing to challenge the search of the car because the car was a rental car leased in another's name and because Muhammad presented absolutely no evidence that he had been granted permission to use the vehicle. Thus, the court concluded, Muhammad lacked the requisite expectation of privacy in the rental car necessary to challenge the search. We affirm.

## II.

On May 23, 1994, Lincoln police officers, in connection with a drug investigation, stopped a 1990 silver Chevy Lumina being driven by Wallace Muhammad. The car was owned by Delp Auto and was leased to Candace Jordan. Ms. Jordan was the only person authorized under the lease agreement to drive the vehicle.

Upon searching the vehicle, the officers discovered cocaine in the trunk and arrested Muhammad. Muhammad was charged with

---

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

Before trial, Muhammad moved to suppress the cocaine found during the search of the car. The Government argued that Muhammad lacked standing to challenge the legality of the search because Muhammad had produced no evidence to establish that he had permission to use the car. Magistrate Judge David L. Piester filed a report, recommending that Muhammad had no standing to contest the search because Muhammad had failed to meet his burden of proving he had a reasonable expectation of privacy in the searched vehicle. The district court adopted the magistrate judge's recommendation and denied Muhammad's motion to suppress. Following a jury trial, Muhammad was convicted and sentenced to ten years imprisonment, to be followed by a five year term of supervised release. This appeal followed.

### III.

The only question before us is whether the district court clearly erred in determining that Muhammad had presented insufficient evidence in support of his claim that he had permission to drive the rental car. Relying on the findings of the magistrate judge, the district court concluded that Muhammad had presented absolutely no evidence that he had been granted permission to drive the car. Accordingly, the court ruled that Muhammad lacked both an objective and subjective expectation of privacy in the vehicle and thus lacked standing to contest the search.

In reviewing the district court's factual determinations, this court applies a clearly erroneous standard; however, the ultimate question of whether Muhammad had standing to challenge the search is reviewed de novo. *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir.1994).

The defendant moving to suppress bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search. *United States v. Kiser*, 948 F.2d 418, 423 (8th Cir.1991), *cert. denied*, 503 U.S. 983, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992). To establish a legiti-

mate expectation of privacy, the defendant must demonstrate (1) a subjective expectation of privacy; and (2) that the subjective expectation is one that society is prepared to recognize as objectively reasonable. *United States v. Stallings*, 28 F.3d 58, 60 (8th Cir. 1994).

Both parties agree that the defendant must present at least some evidence of consent or permission from the lawful owner/renter to give rise to an objectively reasonable expectation of privacy. *See Gomez*, 16 F.3d at 256; *United States v. Rose*, 731 F.2d 1337, 1343 (8th Cir.), *cert. denied*, 469 U.S. 931, 105 S.Ct. 326, 83 L.Ed.2d 263 (1984). Based on our review of the record, however, the defendant has presented no direct evidence that Candace Jordan had granted him permission to use the vehicle. Moreover, the evidence presented by the Government does not give rise to an inference of consensual possession of the vehicle. During the suppression hearing, Muhammad not only failed to call Jordan as a witness, he did not even claim that Jordan had authorized his use of the car. Instead, Muhammad principally claimed that the lack of evidence that the car was stolen meets his burden of showing acquiescence by Jordan in his use of the car. This, however, is not enough in this case.

Muhammad needed to make some additional affirmative showing of consensual possession to satisfy the standing requirements. *Cf. Gomez*, 16 F.3d at 256 (suggesting that lack of evidence of "direct" authority to use the vehicle is crucial to the issue of standing); *see also United States v. Sanchez*, 943 F.2d 110, 114 (1st Cir.1991) (holding that the defendant lacked standing because he had failed to demonstrate "a more intimate relationship with the car's owner or a history of regular use of the [car]"). He has not. Accordingly, Muhammad has failed to show a reasonable expectation of privacy in the car.

AFFIRMED.