United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-3405

United States of America,             *
                                         *

            Appellee,           *

                                         *   Appeal from the United States

       v.                       *   District Court for the Eastern

                                       *   District of Arkansas.

Tony Cornelius Best,            *

                                       *

            Appellant.

_____

Submitted: January 13, 1998
Filed: February 5, 1998
_____

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT and WOLLMAN, Circuit
     Judges.

_____

BRIGHT, Circuit Judge.

Tony Cornelius Best appeals the order denying his motion to suppress marijuana seized from the door panel in the automobile he was driving. On February 25, 1997, Best pleaded guilty by plea agreement to possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). The conditional plea agreement reserved Best's right to appeal the district court's denial of his motion to suppress. Because the motion to suppress should have been granted if the district court determines Best has standing, we vacate and remand for further proceedings.

# I. BACKGROUND

On August 6, 1996, Arkansas State Trooper Karl Byrd stopped Best's automobile for weaving in Little Rock, Arkansas at approximately 12:30 a.m. Best, heading back to Washington, D.C. after visiting his daughter in San Antonio, Texas, was driving a Ford Taurus rented from Budget Car Rental at Washington Dulles Airport. Best's friend Susan Thomas had rented the automobile.

When Trooper Byrd started to issue a warning ticket for improper lane usage, he performed a driver's license check on Best. The check showed that Best's driver's license had been suspended for failure to appear on a ticket. Trooper Byrd wrote Best a ticket for driving with a suspended license and informed Best that because he was not a licensed driver, the automobile had to be towed. Trooper Byrd then conducted an inventory search of the car. According to the government, Trooper Byrd looked particularly for damage to protect the government and the wrecker service from false claims against them.

While checking the automobile, Trooper Byrd discovered the right front window would only roll down part of the way and the back windows would not roll down at all. When Trooper Byrd shined his flashlight into the right front window to see if there was an obstruction, he saw what appeared to be a bundle of marijuana. Trooper Byrd then pulled the inside door panel away from the right front door and saw a bundle of marijuana. Trooper Byrd arrested Best and ordered the car towed to the Arkansas State Police Troop A headquarters where the police completed the search. The police seized a total of nineteen bundles of marijuana from the automobile.

On December 8, 1996, at the conclusion of the suppression hearing, the district court denied Best's motion to suppress the evidence. On February 25, 1997, Best entered a conditional plea of guilty to the charge in the indictment. On August 27, 1997, the district court sentenced Best to a term of twenty-two months imprisonment,

a four-year term of supervised release and a $100 special assessment. Best appeals the district court's denial of his motion to suppress the evidence.

## II. VALIDITY OF INVENTORY SEARCH

We review the district court's factual findings on the motion to suppress for clear error. United States v. Holloway, 128 F.3d 1254, 1255-56 (8th Cir. 1997). The district court's ultimate ruling on a motion to suppress represents a legal ruling reviewed de novo. Id.

Best argues that the inventory search performed by Trooper Byrd exceeded the permissible scope of a warrantless inventory search. The government contends that Trooper Byrd reasonably searched in an effort to protect the police against damage claims once he determined the automobile's windows would not operate properly.

A warrantless inventory search of an automobile in police custody does not violate the fourth amendment. United States v. Marshall, 986 F.2d 1171, 1173-74 (8th Cir. 1993) (citing South Dakota v. Opperman, 428 U.S. 364, 369 (1976)). The Supreme Court in South Dakota v. Opperman articulated the following three justifications for an inventory search: (1) protection of the owner's property while in police custody; (2) protection of the police from claims of lost, stolen or damaged property; and (3) protection of the police from potential danger. 428 U.S. at 369. However, these justifications for an inventory search do not justify an unlimited search of the automobile. "The fourth amendment requires that an inventory search be reasonable in scope." United States v. Wilson, 636 F.2d 1161, 1163 (8th Cir. 1980).

A warrantless inventory search must be done pursuant to "standard police procedures" and for the purpose of "protecting the car and its contents." Opperman, 428 U.S. at 372, 373. The Tenth Circuit concluded in a case similar to the present case

that a search exceeded the proper scope of an inventory search and suppressed cocaine. Specifically, the Tenth Circuit opined:

> [a]lthough the permissible scope of an inventory search has not been well-defined, searching behind the door panel of a vehicle does not qualify as "standard police procedure," and does not serve the purpose of "protecting the car and its contents" under any normal construction of those terms, at least on the evidence in this record.

United States v. Lugo, 978 F.2d 631, 637 (10th Cir. 1992) (footnote omitted) (citing Opperman, 428 U.S. at 372, 373).[1]

We conclude that Trooper Byrd's search of Best's automobile does not fall within the permissible scope of an inventory search. Trooper Byrd at the suppression hearing testified that the Arkansas State Police inventory policy includes inventory of the contents of the automobile including the opening of any opaque containers but does not specifically allow looking inside door panels. More importantly, Trooper Byrd's use of a flashlight to look inside the window and his opening Best's door panel did not serve the purpose of "protecting the car and its contents." Best would not have a legitimate claim for protection of property hidden in the door panel and therefore Trooper Byrd did not have a legitimate interest in seeking such property. Trooper Byrd could have simply indicated that the power windows did not work properly. Accordingly, Trooper Byrd's continued search exceeds the permissible scope of an inventory search and constitutes an unreasonable search under the fourth amendment.

---

[1]The government in Lugo presented additional favorable facts not present in this case including that the officer had already removed a gun from the automobile and had noticed an ajar door panel. Id. at 633. In this case, the door panel had no obvious damage and the police had not found any contraband before the search at issue.

### III. STANDING

At the suppression hearing, the government argued that Best lacked standing to challenge the validity of the search because the rental agreement did not list Best as an authorized driver. In United States v. Muhammad, 58 F.3d 353, 355 (8th Cir. 1995) (per curiam), this court concluded that the defendant lacked standing to challenge the search of his rental vehicle because the automobile was leased in another person's name and the defendant presented no evidence of permission to use the vehicle. See also United States v. Gomez, 16 F.3d 254, 256 (8th Cir. 1994).

In this case, the district court did not rule on the standing issue. Instead, the district court agreed to leave the record open on the standing issue. At the suppression hearing, Trooper Byrd testified that Best had stated that Susan Thomas had rented the car for him. The district court did not make a factual determination whether Best had permission to use the rental automobile. If Thomas had granted Best permission to use the automobile, Best would have a privacy interest giving rise to standing. See Muhammad, 58 F.3d at 355. We therefore remand this case to the district court for a factual determination whether Best has standing.

### IV. CONCLUSION

The search of Best's door panel exceeded the scope of a permissible inventory search. The search, therefore, violated the fourth amendment and the evidence seized improperly admitted. The district court must make a factual determination whether Best has standing to challenge the search. Accordingly, we vacate the order denying the motion to suppress and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.