# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1335
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Jason Travis O'Neal, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 15, 2001

Filed:  July 20, 2001
_____

Before WOLLMAN, Chief Judge, BOWMAN, and MAGILL, Circuit Judges.
_____

PER CURIAM.

Jason Travis O'Neal appeals from his conviction in district court[1] for illegal possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), and 924(e)(1).  We affirm.

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

## I.

The facts underlying this appeal are straightforward. In July of 2000, police in Valley City, North Dakota, became suspicious that O'Neal and his traveling companion, Jane Francis, were involved in the burglary of a local church and the theft of a purse from a car that was parked near another church. The police stopped the two as they were leaving a local motel in Francis's automobile. Francis consented to a search of her vehicle, and police located under the front passenger seat several tools that could be used to break into a building. Police also searched Francis's purse, which was located in the passenger compartment of the vehicle, wherein they discovered items that they believed had been stolen. O'Neal and Francis were then arrested and were read their <u>Miranda</u> rights.

At the police station, Francis signed a consent form authorizing a more complete search of her vehicle. During the course of this search, police located a 12-gauge semi-automatic shotgun in the trunk of the car and a box of 12-gauge shotgun shells under the front seat. In a subsequent tape-recorded confession, O'Neal admitted that he had stolen the weapon and the ammunition from yet another church, this one located in Dickinson, North Dakota.

O'Neal, who has a lengthy felony record, was indicted by a grand jury in the District of North Dakota for being a felon in possession of a firearm and ammunition. He was convicted by a jury and was sentenced as an armed career offender to 210 months of imprisonment, three years of supervised release, and a $100 special assessment.

## II.

O'Neal first argues that the district court erred in rejecting his motion to suppress the evidence seized from the car, contending that the Valley City police lacked

reasonable suspicion to stop Francis's vehicle. A defendant moving to suppress bears the burden of demonstrating that he had a legitimate expectation of privacy that was violated by the challenged search. United States v. Muhammad, 58 F.3d 353, 355 (8th Cir. 1995) (per curiam); United States v. Kiser, 948 F.2d 418, 423 (8th Cir. 1991). It is well established that an individual does not have a reasonable expectation of privacy in another person's automobile. Rakas v. Illinois, 439 U.S. 128, 134-35 (1978); Kiser, 948 F.2d at 423-24. Accordingly, O'Neal's rights could not have been violated by the stop and subsequent search of Francis's vehicle. In any event, the record establishes that both the stop and the search of Francis's vehicle were permissible under the Fourth Amendment.

Second, O'Neal argues that there is insufficient evidence to support his conviction. To convict O'Neal, the government was required to prove (1) that he had previously been convicted of a felony; (2) that he knowingly possessed a firearm; and (3) that the firearm had been in or affected interstate commerce. United States v. Horsman, 114 F.3d 822, 824 (8th Cir. 1997). In considering the sufficiency of the evidence to support a guilty verdict, we view the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting it. United States v. Davis, 154 F.3d 772, 786 (8th Cir. 1998). We may reverse only when "no reasonable juror could have found the defendant guilty beyond a reasonable doubt." United States v. Frayer, 9 F.3d 1367, 1371 (8th Cir. 1993).

O'Neal challenges the sufficiency of the evidence demonstrating that he knowingly possessed the shotgun. O'Neal's confession that he had stolen the gun was placed before the jury, and although O'Neal recanted the confession at trial, the jury was entitled to rely upon it in finding that O'Neal possessed the shotgun. United States v. Balanga, 109 F.3d 1299, 1301 (8th Cir. 1997) (it is the duty of the jury to evaluate the credibility of a witness). Furthermore, O'Neal was arrested in close proximity to the shotgun, and he had been traveling for several months in the automobile where the gun was discovered. This was sufficient evidence to establish either constructive or

actual possession of the firearm.  <u>United States v. Boyd</u>, 180 F.3d 967, 978-79 (8th Cir. 1999).

The conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.