# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1700

_____

United States of America

*Plaintiff - Appellee*

v.

Rashad Arthur Russell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 18, 2016
Filed: February 1, 2017

_____

Before BENTON and SHEPHERD, Circuit Judges, and EBINGER,[1] District
Judge.

_____

BENTON, Circuit Judge.

Rashad A. Russell pled guilty to being a felon in possession of a firearm in
violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In the plea agreement, he reserved

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for
the Southern District of Iowa, sitting by designation.

the right to appeal the denial of his motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

A confidential informant (CI) told Officer Adam Lepinski that he had observed Russell possessing firearms multiple times. Officer Lepinski knew that Russell's criminal history prohibited him from possessing a firearm. The officer also knew the CI had provided reliable information in the past.

A few weeks later, the CI informed Officer Lepinski that Russell would be riding in a "darker colored sedan," carrying a "greenish-colored handgun" in the Camden area of North Minneapolis. Within thirty minutes, the CI provided the sedan's license plate number. Officer Lepinski notified other officers, who set out to find Russell.

In the Camden area, officers found Russell riding in the passenger seat of a dark-colored sedan with a license plate matching the number from the CI. Following the sedan, officers noticed it making unusual direction changes and rolling through a stop sign. A few blocks later, the sedan pulled over. Russell exited the passenger side.

Stopping Russell and patting him down, officers found a small bag of marijuana. Another officer approached the sedan, opening the door to ensure no one was armed. Smelling marijuana, he searched the sedan, finding a gun on the passenger side. The sedan was a rental car leased to Russell's girlfriend but driven by another woman. His name was not on any rental documents, and he did not possess the keys.

Russell moved to suppress the gun, alleging no probable cause to search the sedan. Assuming without deciding he had standing to challenge the search, a

magistrate judge recommended denying the motion. The district court[2] adopted the recommendation.

Reviewing the denial of a motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo. *United States v. Anguiano*, 795 F.3d 873, 876 (8th Cir. 2015). This court "may affirm the denial of a motion to suppress on any grounds supported by the record." *United States v. Allen*, 705 F.3d 367, 369 (8th Cir. 2013).

"Fourth Amendment rights are personal rights that may not be asserted vicariously." *United States v. Barragan*, 379 F.3d 524, 529 (8th Cir. 2004), *citing Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). "An individual asserting Fourth Amendment rights 'must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable.'" *Id.* at 529, *quoting Minnesota v. Carter*, 525 U.S. 83, 88 (1998). "The defendant moving to suppress bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search." *United States v. Muhammad*, 58 F.3d 353, 355 (8th Cir. 1995). "If a defendant fails to prove a sufficiently close connection to the relevant places or objects searched he has no standing to claim that they were searched or seized illegally." *Barragan*, 379 F.3d at 529-30, *quoting United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994). Factors relevant to standing include:

> ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case.

---

[2] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

***Gomez***, 16 F.3d at 256.

"Generally, a mere passenger does not have standing to challenge a vehicle search where he has 'neither a property nor a possessory interest in the automobile.'" ***Anguiano***, 795 F.3d at 878, *quoting* ***Rakas***, 439 U.S. at 148. Russell was not an owner or registered user of the sedan and did not have a property interest in it. *See* ***United States v. Marquez***, 605 F.3d 604, 609 (8th Cir. 2010) (holding defendant lacked standing where he "neither owned nor drove" the vehicle and only was "an occasional passenger therein"); ***United States v. Green***, 275 F.3d 694, 698-99 (8th Cir. 2001) (holding defendant lacked standing where he was a passenger in a car driven by another).

Russell asserts a possessory interest because the sedan was rented by his girlfriend and allegedly operated at his request. A "defendant must present at least some evidence of consent or permission from the lawful owner/renter [of a vehicle] to give rise to an objectively reasonable expectation of privacy." ***Muhammad***, 58 F.3d at 355. Russell provides no evidence that his girlfriend permitted him to drive the sedan or otherwise exercise any possessory control over it. ***Id.*** (holding defendant lacked standing where he "presented no direct evidence that [the lawful renter] had granted him permission to use the vehicle"). Because he did not establish a reasonable expectation of privacy in the sedan, he has no standing to challenge the search. *See* ***United States v. Macklin***, 902 F.2d 1320, 1330 (8th Cir. 1990) ("[T]o have a legitimate expectation of privacy by way of a possessory interest, defendant must have possession of the vehicle and the keys."), *citing* ***United States v. Rose***, 731 F.2d 1337, 1343 (8th Cir.), *cert denied*, 469 U.S. 931 (1984).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____