**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4340**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TERRELL JAMAR HOUSTON,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:15-cr-00209-MOC-1)

Argued: March 24, 2017                                                      Decided: May 11, 2017

Before TRAXLER and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished opinion. Senior Judge Davis wrote the majority opinion, in which Judge Wynn joined. Judge Traxler wrote a separate opinion concurring in the judgment.

**ARGUED**: Ann Loraine Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF**: Ross Richardson, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DAVIS, Senior Circuit Judge:

Terrell Jamar Houston entered a conditional guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Houston to thirty-seven months' imprisonment. In the plea agreement, Houston reserved the right to appeal the district court's denial of his motion to suppress evidence, including a firearm seized from a bag that was discovered during the search of a rental car Houston had been operating. Bound as we are by circuit precedent, we affirm.

We review the district court's factual findings underlying a motion to suppress for clear error and the court's legal determinations de novo. *United States v. Hill*, 849 F.3d 195, 200 (4th Cir. 2017). When a district court denies a suppression motion, we construe the evidence in the light most favorable to the government, the prevailing party below. *Id.*

A search can violate an individual's Fourth Amendment rights only when the individual has "a legitimate expectation of privacy in the area searched." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (internal quotation marks omitted) (quoting *United v. Castellanos*, 716 F.3d 828, 832 (4th Cir.2013)). An expectation of privacy is legitimate if the individual has a subjective expectation of privacy in the area searched and that subjective expectation of privacy is "objectively reasonable; in other words, it must be an expectation that society is willing to recognize as reasonable." *Castellanos*, 716 F.3d at 832 (internal quotation marks omitted) (quoting *United States v. Bullard*, 645 F.3d 237, 242 (4th Cir. 2011)).

Although "[p]arties other than owners may possess a reasonable expectation of privacy in the contents of a vehicle," *id.* at 834, we expressly held more than twenty years ago that an unauthorized driver of a rental car — like Houston[1] — has "no legitimate privacy interest in the car." *United States v. Wellons*, 32 F.3d 117, 119 (4th Cir. 1994). Accordingly, a search of the car "cannot have violated [an unauthorized driver's] Fourth Amendment rights." *Id.* In *Wellons*, we also held that an unauthorized driver of a rental car "cannot reasonably assert an expectation of privacy in a bag found in that automobile" because "[a] person who cannot assert a legitimate claim to a vehicle cannot reasonably expect that the vehicle is a private repository for his personal effects, whether or not they are enclosed in some sort of a container." *Id.* at 119 (quoting *United States v. Hargrove*, 647 F.2d 411, 412 (4th Cir. 1981)). In short, given the rule of *Wellons*, with the exception of the lessee(s) named in the rental agreement, a rented vehicle is a veritable constitution free zone in the contemplation of the Fourth Amendment.

We find Houston's attempts to distinguish the instant case from *Wellons* unavailing. Moreover, because *Wellons* has not been overruled by a subsequent *en banc* decision from this Court or by a subsequent Supreme Court decision, it is remains the law

---

[1] Although Houston received permission to drive the rental car from the lessee, the rental agreement provided that no one other than the lessee was authorized to drive the car. The agreement further provided that the lessee's right to use the car would automatically terminate if any of the agreement's terms were violated.

in this Circuit and we are bound to follow it.[2]  *See Stahle v. CTS Corp.*, 817 F.3d 96, 100

(4th Cir. 2016).  Accordingly, the judgment of the district court is

---

[2] Although we are bound by *Wellons*, we note that the per se rule established in that case is in conflict with the more recent decisions reached by many of our sister circuits.  In line with *Wellons*, the Fifth and Tenth Circuits have held that an unauthorized operator of a rental car does not have standing to challenge a search of the car.  *See United States v. Worthon*, 520 F.3d 1173, 1183 (10th Cir. 2008); *United States v. Seeley*, 331 F.3d 471, 472 & n.1 (5th Cir. 2003).  However, the Eighth and Ninth Circuits have reached the opposite conclusion, holding that an unauthorized driver of a rental car has standing to challenge a search of the car if he or she received permission to use the car from the lessee.  *See United States v. Thomas*, 447 F.3d 1191, 1199 (9th Cir. 2006); *United States v. Best*, 135 F.3d 1223, 1225 (8th Cir. 1998).  The Sixth Circuit has rejected a bright-line standard altogether.  *United States v. Smith*, 263 F.3d 571, 587 (6th Cir. 2001).  In *Smith*, the court noted that as a "general rule" an unauthorized driver of a rental car does not have a legitimate expectation of privacy in the car, but it nevertheless found that based on the totality of the circumstances the defendant had standing to challenge the search at issue.  *Id.*  Similarly, the Third Circuit has adopted a "general rule" that an unauthorized driver of a rental car does not have standing to challenge a search of the car, but it has also "acknowledge[d]" that the facts presented in *Smith* are "an example of extraordinary circumstances that might overcome the general rule."  *United States v. Kennedy*, 638 F.3d 159, 168 (3d Cir. 2011).  Thus, under the law of the Eighth and Ninth Circuits (and potentially of the Third and Sixth), Houston — who had the authorized lessee's permission to use the car — would have standing to challenge the search at issue here.

Moreover, although some circuits have agreed with this Court that an unauthorized driver of a rental car does not have standing to challenge a search of the car, no other circuit has extended this per se rule to searches of containers found within the car, as we did in *Wellons*.  Indeed, the Tenth Circuit, which follows the *Wellons* rule with respect to a search of a rental car, has held that even where an unauthorized driver lacks standing to challenge a search of the car, he may have standing to challenge a search of his bags that are found within the car.  *United States v. Edwards*, 632 F.3d 633, 641–42 (10th Cir. 2001) (finding that the defendant had a reasonable expectation of privacy in his bags, which were closed and stored in the trunk of the rental car); *see also United States v. Buchner*, 7 F.3d 1149, 1154 (5th Cir. 1993) ("The owner of a suitcase located in another's car may have a legitimate expectation of privacy with respect to the contents of his suitcase.").

In light of the decisions by our sister circuits, it is perhaps time to consider whether *Wellons* — and in particular its holding that an unauthorized driver of a rental

(Continued)

4

*AFFIRMED.*

---

car lacks a legitimate privacy interest in any container within that car — still accurately represents society's expectations of privacy.

TRAXLER, Circuit Judge, concurring in the result:

I agree with the majority that *Wellons* dictates the result in this case, and I therefore concur in the affirmation of the district court's ruling. With regard to the suggestion in footnote 2 that our court consider overruling *Wellons*, I would add a few facts to those presented by the majority that I believe would show that this is not a good case for *en banc* review.

Enterprise Rent-A-Car Company, the owner of the rental car, rented the car to Alexis Houston, Houston's cousin. Alexis was the only authorized driver of the rental car, and the terms of the rental contract provided that operation of the vehicle by anyone other than Alexis automatically terminated the rental contract and entitled Enterprise to seize the vehicle without notice. Although Alexis gave Houston permission to drive the car, Houston was not an authorized driver under the rental contract. The rental contract thus terminated once Houston drove the car, and Alexis lost any contractual right she had to use the car.

After probation agents placed Houston under arrest and found him in possession of keys to a rental car, they called the Charlotte-Mecklenburg Police Department for assistance. Officer Hastings thereafter called Enterprise to check on the status of the car. Once the Enterprise representative learned that the car had been operated by an unauthorized driver, she informed Officer Hastings that Enterprise wanted the car back, and she asked for the car to be searched. Officers subsequently searched the car and found the backpack containing the gun.

6

As the majority concludes, *Wellons* is binding authority that compels us to reject Houston's challenges to the search of the car. But even assuming that *Wellons* should be revisited by the *en banc* court, I do not believe this is the right case for it, as the search here was conducted at the express request of the undisputed owner of the car and as part of the process of returning the car to the owner. Accordingly, I concur in the judgment affirming the district court's denial of Houston's suppression motion.