# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1549
_____

United States of America

*Plaintiff - Appellee*

v.

Robert L. White

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2020
Filed: June 24, 2020

_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

After a jury trial, the district court[1] convicted Robert White of multiple drug and firearm offenses.[2]  On appeal, he challenges three rulings: the denial of a motion to suppress evidence, the admission of recorded telephone conversations, and the refusal to grant an acquittal on two counts.  We affirm.

I.

We start with the drugs that White asked the district court[3] to suppress.  A police detective received a reliable tip that White was selling crack cocaine in the Kansas City area.  The same source also told the detective that White was driving a white Dodge Avenger.  Police officers stopped White, who was driving the car at the time, after he was spotted committing a traffic violation.

During the traffic stop, White handed the officers a suspended driver's license and a blank rental-car agreement.  After arresting White for driving on a suspended license, the officers searched the car.  Under the hood, they found a glove containing more than 50 grams of crack cocaine.

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

[2]Ten counts of distribution of cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851; three counts of possession with the intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851; one count of possession with the intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851; one count of possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i); and one count of possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2).

[3]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, to whom this case was originally assigned, adopting the report and recommendation of the Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri.

When White moved to suppress the drugs, the government defended the search based on the inventory-search exception to the warrant requirement. The district court denied White's motion to suppress for two reasons. First, White lacked standing to challenge the search. Second, even if he had standing, the inventory-search exception applied. We address only the first issue, because we agree that standing is lacking here.

Before he could challenge the search, White had the burden of establishing that he had "a reasonable expectation of privacy" in the car. *United States v. Maxwell*, 778 F.3d 719, 732 (8th Cir. 2015) (citation omitted). His expectation was reasonable if he was in "lawful possession" of it. *Byrd v. United States*, 138 S. Ct. 1518, 1529 (2018).

Reviewing the issue of standing de novo, we conclude that White fell short of meeting his burden because he never presented evidence of lawful possession. *See United States v. Muhammad*, 58 F.3d 353, 355 (8th Cir. 1995) (per curiam) (articulating the standard of review). It is true that he had a rental agreement, but the fact that it was blank made it impossible to know *who* rented the car. If someone else did, White presented "no evidence that he had been granted permission" to drive it. *Id.* at 354–55. As he argues, there is no evidence that he stole it, but there is also no evidence that he lawfully possessed it. *See id.* at 355. No evidence means no standing. *See id.*

The Supreme Court's recent decision in *Byrd* is not to the contrary. All it did was confirm *what* an individual trying to establish standing has to show before challenging the search of a rental car, not *who* has to show it. *See Byrd*, 138 S. Ct. at 1523–24 (concluding that permission from the renter to drive the vehicle may be enough to establish a reasonable expectation of privacy). This means that White still had the burden to establish "that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 132 n.1 (1978). Having failed to do so, White cannot challenge the search.

II.

During White's trial, the district court allowed the jury to hear audio recordings of telephone conversations between White and two confidential informants about possible drug buys. White says that the decision to admit them as evidence, without having the informants appear for cross-examination, violated the Confrontation Clause. *See* U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 68–69 (2004). We review this constitutional challenge de novo. *United States v. Wright*, 739 F.3d 1160, 1170 (8th Cir. 2014).

The Confrontation Clause generally prohibits the admission of out-of-court statements when the defendant has had no opportunity to cross-examine the witnesses who made them. *Crawford*, 541 U.S. at 53–54. But this general rule applies only to statements that are testimonial, and here, the parties dispute whether the informants' statements fall into this category. *See Ohio v. Clark*, 576 U.S. 237 (2015) (explaining that a statement is testimonial when it is "given with the 'primary purpose of creating an out-of-court substitute for trial testimony'" (quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011))).

According to our precedent, they do not. *See United States v. Spencer*, 592 F.3d 866, 878–79 (8th Cir. 2010). As we previously explained in analyzing similar recordings, a defendant has no right to confront *himself* on the admissions that *he* made, so White's side of the conversation presents no problem. *Id.* at 879 (explaining that the defendant's statements were admissions by a party-opponent). And the informants' side does not either, because their statements were admitted for "context"—to make White's statements "intelligible for the jury"—not for their truth. *Id.* (citation omitted). Without them, the jury would have faced the nearly impossible task of trying to make sense out of just one side of multiple two-sided conversations. If the statements were not admitted for their truth, the informants did not become witnesses against White. *Id.* This means that admitting their statements did not "offend the Confrontation Clause." *Id.* (citation omitted).

-4-

## III.

The final issue is whether there was sufficient evidence to find White guilty of the two firearm counts. Even though officers found a gun during a search of his home, White's position is that there was not enough to connect him to it, and even if there was, the evidence did not prove that he possessed it "in furtherance of" a drug-trafficking crime. On both points, we disagree.

We review the sufficiency of the evidence de novo, considering the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict. *United States v. Maloney*, 466 F.3d 663, 666 (8th Cir. 2006). The government proceeded at trial on the theory that White constructively possessed the gun. *See United States v. Ellis*, 817 F.3d 570, 576 (8th Cir. 2016) (discussing constructive possession). It argued, in other words, that White possessed it because he had sole dominion and control over the space where it was found. *See United States v. Thompson*, 686 F.3d 575, 583–84 (8th Cir. 2012) (accepting a similar theory of constructive possession).

The government had plenty of evidence to support its theory, starting with White's admission that it was *his* house. Add that to the fact that officers found clothes in his size and mail bearing only his name during the search, and the jury could have reasonably concluded that, as the sole occupant of the home, he constructively possessed the firearm inside. *See Wright*, 739 F.3d at 1168–69; *United States v. Boyd*, 180 F.3d 967, 978–79 (8th Cir. 1999).

It is true, as White argues, that there was evidence that someone else may have lived there too. *See United States v. Ramos*, 852 F.3d 747, 754 (8th Cir. 2017) (requiring "additional evidence of a link" to the "contraband" when there are multiple residents). He specifically points to two facts: a child's bike was in the garage and a surveillance team saw other people at the house on occasion. This evidence does not help White, however, because there was more than enough to

show joint constructive possession too. The gun was found in an area of the home to which White unquestionably had access. And it was right next to a digital scale, which the jury could have connected to White based on his drug-trafficking activities. *See Wright*, 739 F.3d at 1168–69 (holding that similar evidence established, at the very least, joint constructive possession).

There was also more than enough evidence that White possessed the firearm in furtherance of a drug-trafficking offense. We have explained that a jury can draw this inference "if the firearm is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking." *United States v. McDaniel*, 838 F.3d 955, 957 (8th Cir. 2016) (citation and internal quotation marks omitted).

The evidence followed this formula exactly. It showed that the kitchen, where the gun was found, was right next to the laundry room, where distribution-level quantities of drugs were hidden in the back of a dryer. *See United States v. Sanchez-Garcia*, 461 F.3d 939, 947 (8th Cir. 2006) (involving similar facts). The gun itself was next to a scale with a suspicious white powdery residue on it. *See McDaniel*, 838 F.3d at 957. And finally, expert testimony established a connection between firearms and drug trafficking. Taken together, this evidence was sufficient for the jury to conclude that White kept the firearm at his home to protect the drugs he stored there. *See Sanchez-Garcia*, 461 F.3d at 947.

## IV.

We accordingly affirm the judgment of the district court.

_____