**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4024**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

TERRELL JAMAR HOUSTON,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:15-cr-00209-MOC-1)

Submitted: December 29, 2020          Decided: January 21, 2021

Before AGEE and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Jamar Houston appeals the denial of his motion to suppress evidence seized during a search of a rental car, arguing that the district court erred in applying the good-faith exception to the exclusionary rule. Because the officers conducted the search in reliance on then-binding appellate precedent, we affirm.

In June 2015, law enforcement officers searched a rental car that Houston had been operating, discovering therein a bag containing a firearm. Houston moved to suppress the evidence, arguing that the search was unconstitutional. Relying on our prior decision in *United States v. Wellons*, 32 F.3d 117, 119-20 (4th Cir. 1994) (holding that unauthorized driver of rental car has no legitimate privacy interest in car or containers therein), the district court denied the motion.

Following the denial of his suppression motion, Houston entered a conditional plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and the court sentenced him to 37 months in prison and 2 years of supervised release. Concluding that *Wellons* remained binding precedent in this circuit and finding Houston's circumstances to be legally indistinguishable from *Wellons*, we affirmed the district court's judgment on appeal. *United States v. Houston*, 689 F. App'x 170, 171-73 (4th Cir. 2017) (No. 16-4340).

The Supreme Court granted certiorari, vacated our decision, and remanded the case for further consideration in light of its decision in *Byrd v. United States*, 138 S. Ct. 1518 (2018). *Houston v. United States*, 138 S. Ct. 2024 (2018) (No. 17-6520). Finding that the Supreme Court's decision in *Byrd* abrogated *Wellons*, we vacated the district court's decision and remanded the matter for de novo consideration. *United States v. Houston*,

2

732 F. App'x 220, 221 (4th Cir. 2018) (No. 16-4340). On remand, the district court found that the search was governed by the then-binding precedent of *Wellons* such that the good-faith exception to the exclusionary rule applied. Thus, the district court denied Houston's motion to suppress.

When considering an appeal from the denial of a motion to suppress, we review the district court's legal determinations de novo and its underlying factual findings for clear error. *United States v. McKenzie-Gude*, 671 F.3d 452, 458 (4th Cir. 2011). "When, as here, a motion to suppress has been denied, we view the evidence presented in the light most favorable to the government." *United States v. Watson*, 703 F.3d 684, 689 (4th Cir. 2013).

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. In order "to safeguard against future violations of Fourth Amendment rights through the rule's general deterrent effect," *Arizona v. Evans*, 514 U.S. 1, 10 (1995), the Supreme Court created the exclusionary rule to prevent the government from using illegally obtained evidence against the victim of an illegal search, *see Davis v. United States*, 564 U.S. 229, 231-32 (2011). However, "exclusion of evidence has 'always been [the] last resort, not [the] first impulse,'" *United States v. Stephens*, 764 F.3d 327, 335 (4th Cir. 2014) (quoting *Hudson v. Michigan*, 547 U.S. 586, 591 (2006)), because it creates "substantial social costs," *United States v. Leon*, 468 U.S. 897, 907 (1984).

The exclusionary rule is subject to exceptions, including the good-faith doctrine. *Davis*, 564 U.S. at 232, 236-40. Because "[t]he [exclusionary] rule's sole purpose . . . is to deter future Fourth Amendment violations," *id*. at 236-37, in order "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Herring v. United States*, 555 U.S. 135, 144 (2009). "[W]hen the police act with an objectively reasonable good-faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force, and exclusion cannot pay its way." *Davis*, 564 U.S. at 238 (citations and internal quotation marks omitted). Law enforcement action taken "in objectively reasonable reliance on binding appellate precedent" at the time of the search or seizure is protected by the good-faith doctrine because suppressing evidence obtained from a search or seizure previously sanctioned by precedent would "do nothing to deter police misconduct . . . [and] would come at a high cost to both the truth and public safety." *Id*. at 232.

Here, at the time of the challenged search, binding precedent in this circuit permitted the search of an unauthorized user's rental car and any containers therein. We therefore conclude that the good-faith exception to the exclusionary rule applies and bars suppression of any evidence tainted by any constitutional defect in the search of the rental car and Houston's bag. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*