United States Court of Appeals

For the Eighth Circuit
_____

No. 20-1340
_____

United States of America

*Plaintiff - Appellee*

v.

Edgar Manuel Sierra-Serrano

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 15, 2020
Filed: September 3, 2021
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

During a safety inspection of a semi transporting three vehicles, an officer found about 40 pounds of meth in a Ford Explorer. Sierra-Serrano wants to suppress those drugs, arguing that the search violated the Fourth Amendment. But because Sierra did not prove that he owned the Ford, or that he was its sender or intended recipient, he had no reasonable expectation of privacy. We therefore affirm the district court's denial of his motion to suppress.

I.

On February 17, 2019, Kansas State Trooper Cody Parr performed a routine traffic stop and safety inspection of a semi-truck. One of the vehicles being hauled, a 2004 Ford Explorer "Sport Trac," caught Officer Parr's eye. He performed a registration check and discovered that, despite being registered to someone named "A.L." in California, the Ford had been sold to Alba Haydee Alatorre in 2018. Officer Parr also noticed that the license plate started with the number eight, which meant that it was new and could have been replaced to avoid law enforcement. He also noticed several air fresheners in the Ford.

Based on these facts, Officer Parr suspected that the Ford was being used to transport drugs. After receiving permission from the semi driver, Parr performed a series of "field tests." When they didn't dispel his suspicions, he called in a drug dog to sniff the vehicle. The dog indicated that there were drugs in the Ford's rear cab. Officers then brought it to a body shop, did a full inspection, and discovered about 40 pounds of meth.

To catch the drug dealers, officers replaced the real drugs with fake ones and got a search warrant allowing them to install tracking equipment in the Ford. A few days later, the semi driver delivered it to a parking lot in Minneapolis. Sierra and Alatorre showed up, and Sierra drove away in the Ford. Officers followed. After the drugs were unloaded at a house, police arrested Sierra, Alatorre (the listed owner of the Ford), and another co-conspirator. The three were charged with conspiring to distribute meth.

Sierra moved to suppress the drugs. At a hearing before a magistrate judge,[1] Sierra tried to prove he owned the Ford. The only evidence was two receipts for tires installed on his Dodge Charger on February 19—two days after police searched

[1]The Honorable Katherine M. Menendez, United States Magistrate Judge for the District of Minnesota.

the Ford. He claimed that the new tires were part of a deal to trade his Dodge for the Ford. Based solely on this, he said he had a reasonable expectation of privacy to challenge the February 17 search.

The magistrate judge recommended denying the motion to suppress. The magistrate did not discuss whether Sierra had Fourth Amendment standing, instead finding that the search was constitutional. The district court[2] adopted the recommendation.

Sierra conditionally pleaded guilty. He was sentenced to 200 months in prison, followed by 10 years of supervised release. This appeal followed.

II.

"An individual asserting Fourth Amendment rights must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017) (citation omitted). "The defendant moving to suppress bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search." *Id.* (citation omitted).

The main issue in this appeal is whether Sierra made an initial showing of a reasonable expectation of privacy in the Ford. He would have a privacy interest if he owned it, since "[o]ne who owns and possesses a car, like one who owns and possesses a house, almost always has a reasonable expectation of privacy in it." *Byrd v. United States*, 138 S. Ct. 1518, 1527 (2018).

But Sierra didn't prove he owned the Ford. He had no title, no bill of sale, and no registration. The only evidence he provided, proof of a tire change

_____

[2]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

-3-

supposedly done as part of a trade for the Ford, was dated February 19. The search of the Ford took place on February 17. So even if the tire change was enough to prove that Sierra owned the Ford, that wouldn't prove he owned it at the time of the search.

In a similar situation, the Fourth Circuit held that a defendant did not have standing to challenge a search of a car entrusted to a car hauler. *United States v. Castellanos*, 716 F.3d 828 (4th Cir. 2013). Despite the defendant claiming that he owned the car, he had no title, no bill of sale, no DMV registration, and no other indication that he was the owner. *Id.* at 834. His claim that he owned the car was "not substantiated in any way by the record." *Id.* And even if he did *eventually* own the car, there was no evidence that "he did so prior to the search." *Id.* The same goes for Sierra.

Even if he wasn't the owner, Sierra might have shown a reasonable privacy interest in the Ford if he proved he was its sender or intended recipient. *See United States v. Jacobsen*, 683 F.2d 296, 298 n.2 (8th Cir. 1982) (noting "[t]he sender and intended recipient of a package clearly have 'an adequate possessory or proprietary interest in the . . . object searched' to give them standing to question the propriety of its search or seizure"), *rev'd on other grounds*, 466 U.S. 109 (1984) (citation omitted).

But Sierra didn't prove that either. The name on the bill of lading was Ana Garcia. Sierra never claimed that Ana Garcia was his pseudonym. *See Castellanos*, 716 F.3d at 834 (finding no standing because "Castellanos adduced no evidence at the suppression hearing demonstrating that the name 'Wilmer Castenada' was simply an alias"). In fact, according to the Presentence Investigation Report, officers later found out that Ana Garcia was Alatorre's alias, not Sierra's. Regardless, Sierra introduced no reliable evidence showing that he shipped the Ford or was the intended recipient.

Sierra suggests that because he picked up the Ford in Minneapolis, he must be its intended recipient. But that's not enough. Sure, Sierra was clearly an intended recipient of the drugs *in* the Ford, but people don't have a privacy interest in contraband. *See Illinois v. Caballes*, 543 U.S. 405, 408 (2005) ("[A]ny interest in possessing contraband cannot be deemed legitimate . . . .") (citation omitted).

As for the truck, simply receiving a package doesn't make someone its *intended* recipient. *See* 18 U.S.C. § 1702 (criminalizing opening a letter addressed to someone else). Someone who steals a package off a front porch doesn't transform into its intended recipient. Plus, Sierra wasn't alone in picking up the Ford— Alatorre was there too. All told, Sierra just doesn't provide enough evidence that he was the intended recipient of the Ford.

Because Sierra did not have a reasonable expectation of privacy in the Ford when it was searched, we do not reach the merits of his Fourth Amendment claim. *See United States v. Liu*, 180 F.3d 957, 960 (8th Cir. 1999) (finding it "unnecessary" to reach the merits of a Fourth Amendment argument where an individual lacks a reasonable expectation of privacy in the thing searched).[3]

III.

The judgment of the district court is affirmed.

_____

_____

[3]Because we find that Sierra did not make an initial showing necessary to establish a reasonable expectation of privacy, we do not address the next question— whether giving the Ford to a vehicle hauler vitiated his privacy interest. *See United States v. Crowder*, 588 F.3d 929, 934–35 (7th Cir. 2009) (no Fourth Amendment standing because defendant gave keys to driver of the car hauler and bill of lading gave driver permission to enter); *see also United States v. Covarrubias*, 847 F.3d 556, 558 (7th Cir. 2017) (same).