# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3081

_____

United States of America,

*Plaintiff - Appellee,*

v.

Daniel Cartagena-Rodriguez,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: June 10, 2024
Filed: August 16, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Daniel Cartagena-Rodriguez of two drug-trafficking offenses. During trial, the government introduced an audio recording of a conversation between Cartagena-Rodriguez and a confidential informant. On appeal, Cartagena-Rodriguez argues that the district court[*] violated his rights under the Confrontation Clause of the Sixth Amendment by admitting statements of the informant. We conclude that there was no error and affirm the judgment.

In December 2020, a confidential informant agreed to make a controlled purchase of fentanyl pills from Cartagena-Rodriguez at a hotel. The informant wore an audio transmitter that recorded his conversations with the suspect. The informant and Cartagena-Rodriguez discussed drug-trafficking activities. Cartagena-Rodriguez told the informant that he had around 810 fentanyl pills.

After the meeting, the informant gave officers 150 fentanyl pills that he received from Cartagena-Rodriguez. Officers searched the hotel room and found 674 fentanyl pills with packaging materials.

A grand jury charged Cartagena-Rodriguez with possession with intent to distribute fentanyl, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi), and distribution of fentanyl. *See id.* § 841(a)(1), (b)(1)(C). Before trial, Cartagena-Rodriguez moved to exclude the informant's statements on the audio recording, but the district court denied the motion. The court ruled that the informant's statements would be offered "only to put the statements of the Defendant into context" and not "for the truth of the matter asserted." On that basis, the court concluded that the informant's statements

---

[*]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

were non-testimonial, and that receipt of the recording into evidence would not offend the Confrontation Clause.

The case proceeded to trial. The court received the audio recording into evidence over Cartagena-Rodriguez's objection. Before playing the recording, the court instructed the jury that the purpose of the recording was to "preserve continuity and place the conversation into some context between the confidential informant and the defendant." The court advised the jury that "[a]ny words that are attributable to the defendant are admissible and can be considered by you in reaching a verdict."

Cartagena-Rodriguez renewed his objection at the close of his case. The court gave essentially the same limiting instruction regarding the audio recording in the final jury instructions. The jury convicted Cartagena-Rodriguez on both counts, and the court sentenced him to 63 months' imprisonment.

On appeal, Cartagena-Rodriguez argues that admission of the audio recording violated his rights under the Confrontation Clause. The Confrontation Clause generally prohibits the admission of testimonial statements from a witness who is absent from trial when the defendant has had no opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004); *United States v. White*, 962 F.3d 1052, 1055 (8th Cir. 2020). At the time of trial, the informant was deceased, and Cartagena-Rodriguez had no opportunity to cross-examine him. The parties dispute, however, whether the informant's statements in the audio recording were testimonial.

In similar cases, we have explained that an informant's statements in a recorded conversation with a defendant are admissible because they provide context for the defendant's statements. *See White*, 962 F.3d at 1055; *United States v. Spencer*, 592 F.3d 866, 879 (8th Cir. 2010). The defendant's statements are admissible as admissions of a party-opponent. The informant's statements are not offered for the

truth of the matters asserted, and they are not testimonial statements. They simply make the defendant's admissions "intelligible for the jury." *Spencer*, 592 F.3d at 879 (quoting *United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006)).

This case is resolved by a straightforward application of *White* and *Spencer*. The audio recording presented to the jury included conversations between Cartagena-Rodriguez and the informant. The statements of the informant were received only to provide context and to make Cartagena-Rodriguez's admissions intelligible for the jury. The informant's statements were not testimonial, and their admission into evidence did not violate the defendant's rights under the Confrontation Clause.

The judgment of the district court is affirmed.

_____