# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2912
_____

United States of America

*Plaintiff - Appellee*

v.

Ashley Dana Marie Howard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: October 21, 2025
Filed: March 17, 2026
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Guns and drugs hidden in Ashley Howard's car doors landed her in prison. Although she challenges the district court's[1] decision to admit text messages and a photograph recovered from her cellphone, we affirm.

_____

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

## I.

Howard's boyfriend was the focus of a police drug-trafficking investigation. When officers pulled him over, they stopped another one of his vehicles that she was driving. It smelled of marijuana and had a smoked joint in the ashtray. A search behind the door panels uncovered 982 blue fentanyl pills, three pistols, and a magazine for one of the guns.

Howard's cellphone had even more incriminating evidence. Text messages showed that she had been involved in drug deals with someone called "Pink." There was also a picture of a plastic bag full of blue pills, just like the ones in the car.

Based on what the officers found, the government charged her with two possession offenses, one for the fentanyl, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi), and another for the firearms, *see* 18 U.S.C. §§ 2, 924(c)(1)(A)(i). Although she claimed that her boyfriend kept her in the dark about the pills and guns, the jury found her guilty anyway.

## II.

One of the reasons, according to Howard, was the admission of the texts and picture that connected her to drugs and drug dealing. The police could not find "Pink," which meant that she did not testify at Howard's trial, raising questions about whether her texts were inadmissible under the rule against hearsay and the Confrontation Clause. *See* U.S. Const. amend. VI; Fed. R. Evid. 802. And even if neither applied, whether the district court should have excluded them, along with the photograph of the pills, as "[e]vidence of any other crime, wrong, or act." Fed R. Evid. 404(b)(1). The answers, however, either do not help Howard or do not matter.

A.

The answer to the first question does not help her because only an out-of-court statement admitted for the truth of the matter asserted presents a potential hearsay or Confrontation Clause problem. *See Smith v. Arizona*, 602 U.S. 779, 785 (2024). If a witness says a substance was fentanyl, for example, and the prosecution uses the statement at trial to show that it was, the defendant typically has a right to cross-examine the witness, if not keep it out entirely. *See id.*; Fed. R. Evid. 802. But only when, like in the above example, the purpose is to show that the statement's content is true. *See Anderson v. United States*, 417 U.S. 211, 219–20 (1974); *Giblin v. United States*, 523 F.2d 42, 45 (8th Cir. 1975).

Here, no right to exclude the texts or cross-examine Pink arose because the government introduced them for another purpose: to provide "context" for Howard's own incriminating messages, which were non-hearsay admissions by a party-opponent. *United States v. White*, 962 F.3d 1052, 1055 (8th Cir. 2020) (citation omitted); *see* Fed. R. Evid. 801(d)(2)(A); *United States v. Wright*, 993 F.3d 1054, 1063 (8th Cir. 2021) (explaining that digital "chat conversations are not hearsay if they were not offered for their truth but rather to provide context for [the defendant's] responses" (alteration in original) (citation omitted)). To give an example, jurors would only be able to understand Howard's statement, "I need money," if they also knew that Pink wanted to buy "25/30" of something. *See White*, 962 F.3d at 1055. The point was not to show that Pink actually wanted 25/30 of something, but rather to prove that Howard was the one selling it to her. Viewed this way, statements like this one were neither hearsay nor "implicate[d] the Confrontation Clause."[2] *United States v. Shipp*, 141 F.4th 940, 945 (8th Cir. 2025).

---

[2]As the government conceded at oral argument, it may have used one of Pink's texts, which said that she was "[r]unning to [an] atm in [S]lammers," for the truth of the matter asserted. To the extent it did, any error was harmless beyond a reasonable doubt, both because proving that Pink was going to an ATM was not particularly incriminating and the other evidence of Howard's guilt was overwhelming. *See*

B.

The other point does not matter. Even assuming the texts and picture were inadmissible as "[e]vidence of any other crime, wrong, or act," Fed. R. Evid. 404(b)(1), they made no difference to the outcome. The remaining evidence against Howard was considerable, which means any error had, at most, "a slight influence on the verdict." *United States v. Begay*, 116 F.4th 795, 798 (8th Cir. 2024) (citation omitted).

Consider what else the jury saw and heard. Perhaps most incriminating was what Howard was transporting when officers pulled her over: three guns, a magazine, and 982 fentanyl pills. *See United States v. Gaona-Lopez*, 408 F.3d 500, 506 (8th Cir. 2005) (explaining that one could infer that a person who had the key to a car containing a large quantity of drugs "knew what was" inside). Then, when police caught her, she lied about where she had been and texted someone else that they were "popping the doors." Both "indicated consciousness of guilt." *United States v. Chatmon*, 742 F.3d 350, 353 (8th Cir. 2014). Not to mention that the magazine, which was right next to the drugs and guns, had her DNA on it. *See United States v. Lewis*, 483 F.3d 871, 875 (8th Cir. 2007) (concluding that a potential error in admitting Rule 404(b) evidence was harmless because of the presence of DNA evidence). This other evidence overwhelmingly proved her guilt. *See United States v. Adams*, 996 F.3d 514, 522 (8th Cir. 2021).

Besides, to the extent the texts or picture might have otherwise mattered in the jury's eyes, the district court gave a limiting instruction explaining that "committ[ing] a similar act in the past . . . is not evidence that [Howard] committed such an act in this case." *See United States v. Warren*, 788 F.3d 805, 812 (8th Cir. 2015) (discussing a similar instruction). We presume, as usual, that jurors followed this instruction, *see Weeks v. Angelone*, 528 U.S. 225, 234 (2000), which reinforces

---

*Chavez v. Weber*, 497 F.3d 796, 805 (8th Cir. 2007); *Flittie v. Solem*, 751 F.2d 967, 974 (8th Cir. 1985).

-4-

that "any error in admitting the evidence . . . was harmless," *United States v. Riepe*, 858 F.3d 552, 561 (8th Cir. 2017).

## III.

We accordingly affirm the judgment of the district court.

_____